**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ALEXIS GEORGOPOULOS, | ) | NO. CV 15-8606-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | **AND ORDER OF REMAND** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on November 4, 2015, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on December 7, 2015. Plaintiff filed a motion for summary judgment on April 8, 2016.

1  Defendant filed a motion for summary judgment on July 8, 2016.  The
2  Court has taken the motions under submission without oral argument.
3  See L.R. 7-15; "Order," filed November 5, 2015.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former cashier, alleges disability beginning February 11, 2007 (Administrative Record ("A.R.") 43, 50, 122-29, 147).  The decision of an Administrative Law Judge ("ALJ") summarizes and evaluates the evidence, including the medical opinion evidence (A.R. 9-17).  The decision states that Dr. Robert Moore, a consultative examining physician, opined that Plaintiff "had the ability to . . . stand and walk for a total of two hours out of an 8-hour workday" (A.R. 15).  The ALJ ultimately found that Plaintiff retains the ability to perform a narrowed range of light work, including the ability to "stand/walk for a total of 6 hours in an 8-hour workday" (A.R. 12).  The ALJ did not explain why he declined to adopt a restriction to two hours of standing and walking in an 8-hour workday.

A vocational expert testified that a person retaining the capacity the ALJ found to exist could perform Plaintiff's past relevant work as generally performed (A.R. 43-44).  The ALJ relied on this testimony in finding Plaintiff not disabled (A.R. 16).  The Appeals Council denied review (A.R. 1-3).

///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///
///
///

**DISCUSSION**

Social Security Ruling ("SSR") 96-8p provides: "[i]f the RFC [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[1] The ALJ's decision contains no specific explanation why the ALJ failed to adopt into "the RFC assessment" the standing/walking opinion the ALJ imputed to Dr. Moore.[2] The ALJ thereby erred. See id.

In disputing this conclusion, Defendant argues that Dr. Moore did not unambiguously limit Plaintiff to only two hours of standing and walking. Dr. Moore's report does appear ambiguous on the subject of Plaintiff's ability to walk with and without a cane (A.R. 247, 251). However, it was the prerogative of the ALJ to resolve any possible ambiguities in the evidence. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). And the ALJ resolved the possible ambiguities in Dr. Moore's report by expressly imputing to Dr. Moore the opinion that

---

[1] SSRs are "binding on ALJs." Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). The term "medical source" as used in SSR 96-8p includes a consultative examining physician. See SSR 96-8p (referencing SSR 96-5p); SSR 96-5p (defining "medical sources" as "including treating sources, other examining sources, and non-examining physicians, psychologists and other medical sources"); see also 20 C.F.R. § 404.1513(a).

[2] The ALJ's decision states that the ALJ gave "moderate weight" to the opinions of both Dr. Moore and Dr. Ruben Ustaris (A.R. 16). Dr. Ustaris, another consultative examining physician, opined Plaintiff can stand and walk six hours in an 8-hour workday (A.R. 15, 231). The ALJ did not explain why the "moderate weight" accorded to the opinions of both physicians resulted in the adoption of the opinions of one physician and the rejection of the opinions of the other physician (A.R. 15, 231).

4

Plaintiff "had the ability to . . . stand and walk for a total of two hours out of an 8-hour workday" (A.R. 15).

The vocational expert's reliance on the ALJ's residual functional capacity assessment, and the ALJ's reliance on the vocational expert's testimony,[3] preclude the Court from deeming the ALJ's error to be harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate nondisabilty determination") (citations and quotations omitted).

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the error. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2010); see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully

---

[3] The ALJ accepted the vocational expert's testimony that a person having the residual functional capacity the ALJ found to exist could perform Plaintiff's past relevant work as generally performed (A.R. 16). The ALJ did not discuss the vocational expert's testimony regarding alternate jobs (id.).

1 | developed and further administrative proceedings would serve no useful
2 | purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert.
3 | denied, 531 U.S. 1038 (2000) (remand for further proceedings rather
4 | than for the immediate payment of benefits is appropriate where there
5 | are "sufficient unanswered questions in the record"). There remain
6 | significant unanswered questions in the present record. For example,
7 | it is not clear on the present record whether the ALJ would be
8 | required to find Plaintiff disabled for the entire claimed period of
9 | disability even if Dr. Moore's opinions were fully credited. See Luna
10 | v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 14, 2016.


                                          /S/
                                   CHARLES F. EICK
                            UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021.